**Medhi ZAMANI, d.b.a. Reseda Country Club, Plaintiff—Appellant,**

v.

**CITY OF LOS ANGELES, a municipal entity; Cayler Carter, Lapd Captain; Rafael Ramirez, Lapd Sergeant # 27442; Todd Hankel, Lapd Sergeant; Joseph Kalyn, Lapd Officer # 303396, each individually and in their official capacities, Defendants—Appellees.**

No. 00–57073.

D.C. No. CV–99–11778–JSL.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 6, 2002 *.

Decided Feb. 8, 2002.

Before PREGERSON, RYMER and T.G. NELSON, Circuit Judges.

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

MEMORANDUM \*\*

Medhi Zamani, doing business as Reseda Country Club ("RCC"), appeals the district court's grant of summary judgment in favor of the City of Los Angeles and four individual officers in Zamani's 42 U.S.C. § 1983 action, and we affirm.

Zamani contends that selectively increased and excessive police presence at RCC's hip-hop concerts violated his rights under the First, Fourth, Fifth, and Fourteenth Amendments and also violated his rights under California law. However, Zamani failed to submit evidence that the police presence at RCC was excessive or that the police otherwise acted unreasonably. Summary judgment was therefore appropriate. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Because there was no § 1983 violation, Zamani's claims under 42 U.S.C. §§ 1985 and 1986 also fail. *Caldeira v. County of Kauai,* 866 F.2d 1175, 1182 (9th Cir.1989); *McCalden v. California Library Ass'n,* 955 F.2d 1214, 1223 (9th Cir.1990).

Carter, Hankel, Ramirez, and Kalyn are entitled to qualified immunity because they reasonably (and correctly) believed their actions were lawful. *Act Up!/Portland v. Bagley,* 988 F.2d 868, 872 (9th Cir.1993).

Because no constitutional violation occurred, there can be no municipal liability as a matter of law under *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). *See City of Los Angeles v. Heller,* 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986).

Because we affirm the district court's grant of summary judgment, we need not

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

decide whether officers are entitled to discretionary immunity under California law.

AFFIRMED.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.